**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BEATRICE B. MCWATERS, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                                          **NO. 05-5488**

**FEDERAL EMERGENCY MANAGEMENT**                         **SECTION "K" (3)**
**AGENCY, ET AL.**

<u>**MODIFIED ORDER**</u>

　　　　Before the Court is Defendants' Motion to Clarify/Modify Order of December 12, 2005

(Rec. Doc. No. 63) and Plaintiffs' January 6, 2006 Motion for Temporary Restraining Order

(Rec. Doc. No. 69).   Oral argument was held on January 11, 2006.  The Court now **GRANTS**

both Motions.

**Legal Standard**

　　　　Any motion to alter or amend a judgment shall be filed no later than 10 days after entry

of the judgment. Fed. R. Civ. P. 59(e).  A "judgment" includes a decree and any order from

which an appeal lies, Fed. R. Civ. P. 54(a), and thus Rule 59(e) applies to an order granting

injunctive relief, including temporary restraining orders that extend beyond the 20-day period

permitted by Rule 65(a).  *See Sampson v. Murray*, 415 U.S. 61, 86-88(1974).  Factors to consider

in ruling on a motion to alter or amend include "whether the judgment was based upon a

manifest error of fact or law" and "whether amendment is necessary to prevent manifest injustice." *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 464 (E.D.La. 2000). Courts enjoy "considerable discretion" in addressing a Rule 59(e) motion, *id.*; however, relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly." *Templett v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Courts typically consider four factors in exercising their discretion: (1) whether the judgment was based upon a manifest error of fact or law; (2) whether the movant presents newly discovered or previously unavailable evidence; (3) whether amendment is necessary to prevent manifest injustice; and (4) whether an intervening change in controlling law has occurred. *See Franco v. Maraldo*, 2000 WL 288378, at *2 (E.D.La. March 16, 2000); *Campbell v. St. Tammany Parish Sch. Bd.*, 1999 WL 777720, at *2 (E.D.La. Sept.29, 1999); *Fields v. Pool Offshore, Inc.*, 1998 WL 43217, at *2 (E.D.La. Feb.3, 1998). In addition, courts must attempt to strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Clancy*, 101 F.Supp. 2d at 464. Such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *id.*, and thus courts will grant such a motion only "to correct manifest errors of law or facts or to present newly discovered evidence." *Id.*

Both parties have moved for an order clarifying and modifying the Court's Order of December 12, 2005.[1]  The Court has considered the Motions and finds them to be with merit; thus the Court GRANTS both Motions and will modify its Order. The Court notes that FEMA

---

[1]Although it was not styled as such, at the hearing on January 11 plaintiffs' counsel stated that the January 6, 2006 Motion for a Temporary Restraining Order essentially seeks Rule 59(e) relief.

does not consent to all of these modifications.  However, in open court on January 11, 2006,

FEMA acknowledged that prior to the hearing date it had already voluntarily extended the §403

deadline mentioned in this Court's December 12, 2005 Order as to all persons subject to the

conditions now set forth in this January 12, 2006 Order.  Consequently, upon an oral request

made by plaintiffs at the January 11 hearing out of an obvious need for clarity, and because the

following modifications do not conflict with FEMA's ongoing policies and initiatives as

currently enacted and publicized, the Court will commemorate FEMA's acknowledgment in the

text of this Order.[2]

Accordingly,

**IT IS ORDERED** that the Court's Order and Reasons of December 12, 2005 is modified

as follows:

1.     The first sentence of the last paragraph on page 25 of the Order and Reasons is

amended to read as follows:

**IT IS ORDERED THAT** with regards to 42 U.S.C. §5174(a)(2) (the

"SBA Loan application requirement"issue ) defendants are **HEREBY**

**TEMPORARILY RESTRAINED AND ENJOINED FROM** requiring

applicants for Temporary Housing Assistance to complete an SBA loan

application or apply for an SBA loan as a prerequisite to applying for or receiving

temporary housing assistance, or from mis-communicating the nature of

§5174(a)(2) to any Applicant so inquiring.

---

[2]See also FEMA Exh. #1, E-mail to the Court from defendants, admitted into the Record at
oral argument on January 11, 2006.

3

2.      The first full paragraph on page 26 of the Order and Reasons is amended as

follows:

**IT IS ALSO ORDERED** that with regard to §403 and §502 of the

Stafford Act (42 U.S.C. §§ 5170b and 5192) and the funding of the Short-Term

Lodging Program, defendants are **HEREBY TEMPORARILY RESTRAINED**

**AND ENJOINED FROM** terminating the Short-Term Lodging Program as to

**any person in any state** earlier than **February 7, 2006**, unless a participant has

secured such assistance through fraudulent means.

**IT IS FURTHER ORDERED** that, **as a condition of continued**

**participation in the program past February 7, 2006**, all current and future

participants in the Short-Term Lodging Program **must** secure, **by January 30,**

**2006**, an **authorization code** from FEMA and apply for §408 Temporary

Housing Assistance if they have not yet done so.  Participants **must** provide that

code to the hotel or motel where they will be sheltering, either (1) upon checking

into a hotel or motel, or (2) if a participant is already checked into a hotel or motel

under the program, no later than **seven (7) days** after FEMA or its contractor

notifies the participant regarding the need to secure an authorization code.  To

secure an authorization code FEMA will require a participant to provide, in a call

to FEMA's toll-free telephone number, **only** the participant's name, the

participant's pre-disaster residence address in the area affected by Hurricane

Katrina, the name and address of the hotel or motel where the participant will be

sheltering, the number of persons who will be sheltering in the same hotel or

4

motel room with the participant, and the participant's FEMA registration number, if applicable.  FEMA **shall** provide the authorization code to the participant during the same telephone call, and no determination of eligibility for assistance under the Stafford Act shall be required in order to secure an authorization code. The provision of an authorization code **shall not** be denied on the basis that a different participant with the same pre-disaster residence address has already secured an authorization code or has applied for or received Temporary Housing Assistance under §408. even if that person receives Temporary Housing Assistance under §408 or a denial of their Application prior to that time. Additionally, any evacuee who does not call to obtain an authorization code and register for §408 Temporary Housing Assistance **by January 30, 2006**, will have their participation in the Short-Term Lodging Program under §403 terminated on **February 7, 2006.**

      **IT IS FURTHER ORDERED** that as to those evacuees who call FEMA to register for assistance and obtain an authorization code **by January 30, 2006**, the following will apply:

      a.      As to those evacuees who, **on or before January 30, 2006**, **receive a determination of their application for Assistance,** namely either (a) approval for *and* receipt of Assistance, or (b) a denial determination, they will be permitted to remain in their present FEMA-subsidized hotel or motel **until February 13, 2006**

before their participation in the Short-Term Lodging program is
terminated.

b.       As to those evacuees who **after January 30, 2006** receive a
determination of their application for Assistance, namely either (a)
approval for *and* receipt of Assistance, or (b) a denial
determination, they will be permitted to remain in their present
FEMA-subsidized hotel or motel **until at least February 27,
2006**.  Additionally, if the evacuee is currently sheltering in the
**Louisiana parishes of Orleans and Jefferson**, the participant will
be permitted to remain in their present FEMA-subsidized hotel or
motel until at least **March 1, 2006.**

**IT IS FURTHER ORDERED** that subject to the provisions above, every
evacuee currently participating in the Short-Term Lodging program who has
applied for Temporary Housing Assistance under §408 no later than January 30,
2006 shall have **two (2) weeks** from the time of receiving a determination of their
application for Assistance, namely either (a) approval for *and* receipt of
Assistance, or (b) a denial determination, to remain in their present FEMA-
subsidized hotel or motel before their participation in the Short-Term Lodging
program is terminated, **even if that determination comes after February 13,
2006.**  For purposes of this Order, the date of "receipt of Assistance" and the date
of a "denial determination" shall be **seven (7) days** after FEMA sends the award
or denial notice to the address that the participant provides to FEMA.

6

Except as stated above, the Order and Reasons of December 12, 2005 remains

unchanged.

Signed this 12th day of January, 2006, in New Orleans, Louisiana.

_____
                    **STANWOOD R. DUVAL, JR.**
          **UNITED STATES DISTRICT COURT JUDGE**